Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DENNIS MAURER, an Individual, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No.   1:19-cv-09870 |
| | : | |
| THE GRILLED CHEESE AND CRABCAKE | : | |
| LIMITED LIABILITY COMPANY, a New Jersey | : | |
| Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff, DENNIS MAURER, an individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, THE GRILLED CHEESE AND CRABCAKE LIMITED LIABILITY COMPANY, a New Jersey Limited Liability Company, ("Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

## **COUNT I**
## **VIOLATION OF TITLE III OF THE**
## **AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, _et seq._**

1.      Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg

Harbor Township, New Jersey 08234, in the County of Atlantic.

2.      Defendant, THE GRILLED CHEESE AND CRABCAKE LIMITED LIABILITY COMPANY, holds title to the subject property and/or owns or operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3.      Defendant's property is located at 55 West Laurel Drive, Somers Point, New Jersey 08244, in the County of Atlantic, ("the Subject Property").

4.      Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.      Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff has multiple sclerosis, is mobility impaired and requires the use of a wheelchair to ambulate at all times.

7.      Mr. Maurer has visited the property that forms the basis of this lawsuit on numerous occasions, with the last such visit occurring in March 2019.  Mr. Maurer plans to return to the Subject Property in the very near future to avail himself of the goods and services offered to the public at the property.

8.      Mr. Maurer has encountered architectural barriers at the Subject Property.   The barriers to access at the property have endangered his safety.

9.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 55 West Laurel Drive, Somers Point, New Jersey 08244, in the County of Atlantic.

10.     Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

11.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Mr. Maurer desires to visit the Subject Property, not only to avail himself of the goods and services available at the property but to assure himself that the Subject Property is in full compliance with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Defendant's property has shown that violations of the ADA exist.  The following are violations that DENNIS MAURER has personally encountered during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

a.     Parking spaces designated accessible at the Subject Property are not maintained,

contain abrupt changes of level, slopes beyond allowable limits within parking spaces and lack compliant access aisles, violating Sections 402 and 502 of the 2010 Standards for Accessible Design.  These conditions prevent Mr. Maurer from accessing his vehicle in a safe manner.

      b.     Curb ramps at Subject Property, which are used to access tenant spaces, are unsafe for wheelchair users and not provided at all in some areas. The curb ramps contain excessive slopes, abrupt changes of level and lacks level landings, violating Sections 402 and 406 of 2010 Standards for Accessible Design. Mr. Maurer is forced to deal with a lack of maneuvering clearance at the top of the curb ramp. These conditions present Mr. Maurer with the danger of tipping over and falling from his wheelchair.

      c.     The exterior accessible route from parking spaces at Subject Property fails to provide a safe accessible route to ramps or curb ramps, violating Sections 402 of the 2010 Standards for Accessible Design.  Mr. Maurer is forced to travel through obstacles in order to reach the curb ramp.

      d.     Subject Property fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Standards for Accessible Design.  The lack of an accessible route to the sidewalk limits Mr. Maurer's options for transportation.

      e.     Subject Property fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Standards for Accessible Design.  The lack of accessible parking has forced Mr. Maurer park in open areas of the lot so he can unload freely and safely from his van.

**Access to Goods and Services**

      f.     Payment counters throughout Subject Property are mounted beyond the reach of Mr. Maurer, and all those in wheelchairs, violating Sections 308 and 904 of the 2010 Standards for Accessible Design. Due to their elevated height, these counters are inaccessible to Mr. Maurer.

g.     Defendant fails to provide accessible dining tables, violating Section 902 of the 2010 Standards for Accessible Design. The lack of accessible tables prevents Mr. Maurer from dining comfortably.

h.     While attempting to enter tenant spaces, Mr. Maurer is impeded by abrupt changes of level at the base and improper door hardware, violating Section 404 of the 2010 Standards for Accessible Design. Abrupt changes of level present a tipping hazard and can cause damage to Mr. Maurer's wheelchair.

**Restrooms**

i.     Restrooms provided at Subject Property were reported to be unsafe for use by Mr. Maurer due to a lack of accessibility.  Barriers to access include incorrect signage, inaccessible water closets which lack proper controls and wheelchair maneuvering space, violating Section 601 of the 2010 Standards for Accessible Design.

j.     Restrooms at Subject Property provide dispensers beyond the reach of wheelchair users and are inaccessible to Mr. Maurer, violating Section 308 of the 2010 Standards for Accessible Design.

k.     Lavatories at Subject Property lack the proper knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Standards for Accessible Design. Mr. Maurer is unable to wash his hands before exiting the restroom.

l.     Defendant provides restrooms that contain improper centerlines for the water closets and flush controls which are mounted on the wall side, violating Section 604 of the 2010 Standards for Accessible Design.  Mr. Maurer is unable to access flush controls while in the restrooms due to their improper location.

m.     The using of restrooms doors at Subject Property is impeded by round door knobs,

5

improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Standards for Accessible Design.  The presence of incorrect signage, round door knobs, and a lack of maneuvering space has impeded Mr. Maurer from easily accessing restroom doors.

14.   Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.   The discriminatory violations described in paragraph 13 are not an exhaustive list of the ADA violations that exist at Defendant's property but are the result of a preliminary inspection. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the Subject Property and violate the ADA.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

16.   Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies,

practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

18.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and

gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waive by the Defendant.

21.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Subject Property and make the Subject Property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

22.     Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

23.     Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

24.     New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.).

25.     As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the Subject Property.

26.     As a result of the aforementioned discrimination, Plaintiff, DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.


**WHEREFORE**, Plaintiff, DENNIS MAURER respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: April 14, 2019

/s/ Jon G. Shadinger Jr.

Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*